IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARCHER WESTERN CONTRACTORS,
LLC, formerly known as Archer Western
Contractors, Ltd.,

     Plaintiff,

v.                                     Case No.: 2:14-cv-469-FtM-38CM

LEE COUNTY , E.C. DRIVER &
ASSOCIATES, INC., URS CORP., and
JAMES M. PHILLIPS III, P.E.,

     Defendants.

_____/

## ORDER[1]

     Pursuant to Rule 502(d) of the Federal Rules of Evidence, Plaintiff Archer Western

Contractors, LLC, formerly known as Archer Western Contractors, Ltd. and Defendants

Lee County, E.C. Driver & Associates, Inc., URS Corporation, and James M. Phillips III,

P.E., by and through their respective undersigned counsel and subject to the Court's

approval, hereby agree to the following terms and conditions concerning the effect of

disclosure of privileged materials:

**(a) No Waiver by Disclosure.** This Order is entered pursuant to Federal Rule of Evidence

502(d). Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses

information in connection with the pending litigation that the Disclosing Party thereafter

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), and regardless of whether such disclosure is inadvertent or otherwise, the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection from discovery that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter in this or any other action.

**(b) Notification Requirements; Best Efforts of Receiving Party.** Should the Receiving Party receive documents or information which it knows or reasonably should recognize to be Protected Information, the Receiving Party shall promptly notify the Disclosing Party in a writing identifying all such Protected Information with reasonable specificity.  The Disclosing Party, upon receipt of such notice or upon its own discovery that it has disclosed or produced Protected Information without intending a waiver by the disclosure, shall promptly notify the Receiving Party in writing if it considers the documents or information at issue to be Protected Information.  If the Disclosing Party notifies the Receiving Party that the Disclosing Party considers the documents or information at issue to be Protected Information, the Receiving Party must, unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c), promptly:

> (i)     make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has; and

> (ii)    provide a certification that it will cease further review, dissemination, and use of the Protected Information.

For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.

**(c) Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Parties will attempt to resolve the matter amicably and in good faith. If they are unable to do so, the Receiving Party must—within ten business days of the date Disclosing Party notifies the Receiving Party in writing in accordance with paragraph (b) that the Disclosing Party considers the documents or information at issue to be Protected Information—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the Disclosure Motion.

**(d) Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c), and extensions of such time periods shall be given freely while good faith efforts are being undertaken to resolve such disputes amicably.

**(e) Attorneys' Ethical Responsibilities**. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

**(f) Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden, upon challenge pursuant to paragraph (c), of establishing the privileged or protected nature of the Protected Information.

**(g) In camera Review**. Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

**(h) Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

**(i) Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**(j) Broad Interpretation.** This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

The parties' counsel-of-record consented to the entry of the foregoing Order. (Doc. #45).

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of December, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4